Peter T. COLLIS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 13539.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 15, 1957.

Decided June 27, 1957.

Joseph G. Weeda, Washington, D. C., for appellant.

Forbes Blair, Asst. U. S. Atty., with whom Oliver Gasch, U. S. Atty., Lewis Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, WILBUR K. MILLER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

This is an appeal from a conviction in which the District Court denied appellant's motion for judgment of acquittal. Appellant was indicted and convicted on a charge of violating 21 U.S.C.A. § 174, under an indictment alleging appellant facilitated the concealment and sale of a narcotic drug, imported contrary to law, appellant having knowledge of this illegal importation. Section 174 provides that if the defendant is shown to have had possession of the drug, this possession is sufficient to justify a conviction.

The Government urges (1) that possession of narcotic drugs is proven by circumstantial evidence, thereby warranting conviction by virtue of the statutory presumption and (2) appellant aided or abetted a co-defendant (who did not appeal from his conviction) in violating section 174, in which case possession on the part of appellant need not be proved.

The record shows that two police officers observed appellant walking in an

3. *Eastern Air Lines v. C. A. B.,* supra, note 2.

apparently normal manner in the 800 block of 4th Street, S. W. The appellant entered the premises of 902 4th Street, S. W. As the police officers, their suspicions aroused, approached the premises, through the partially open door they could see two figures standing in a vestibule-like enclosure, approximately four feet square, facing each other, with about one and one-half feet separating the two. Either as the officers stood at the door or as they opened the door, they heard the noise of an object striking the vestibule floor. The officers did not see either man drop any object or make a dropping movement. After the officers removed the appellant and the co-defendant from the vestibule, a bottle containing narcotics was found in the vestibule, located approximately one and one-half feet from where the co-defendant had been standing, three feet from appellant-defendant's former position, and partially behind the open vestibule door. To a degree the door blocked appellant from the position where the drugs were found, *i. e.*, back of the door.

The police found about $1.75 on the person of the appellant while the co-defendant possessed approximately $65. Upon being arrested, appellant declared he had heard the sound of the bottle striking the floor, but had not previously seen it. On trial appellant testified the co-defendant had called him into the vestibule, showed him the bottle which appellant recognized as containing narcotics but that he (appellant) disclaimed any intention to use or purchase the drugs. Appellant had a previous conviction on a narcotics charge.

On this appeal it is not disputed that the co-defendant Upshaw, who did not appeal, had possession of the narcotics in the small vestibule. It is the Government's contention that appellant also had possession, constructive if not actual, because appellant was participating in an illegal transaction. But this record does not disclose evidence which taken alone or aided by reasonable inferences flowing therefrom indicates that appellant at any time had possession or control of narcotics or that he was making or intended to make a purchase.[1] Appellant's explanation is simply that Upshaw called him into this vestibule and offered to sell him narcotics and that he refused just before the officers pushed in the door. Unaided by appellant's testimony the evidence is as consistent with innocence as with guilt.

On this record reasonable men must of necessity have a reasonable doubt as to appellant's possession of the contraband or participation in a purchase or contemplated purchase. Curley v. United States, 1947, 81 U.S.App.D.C. 389, 160 F.

---

1. *Cross-examination of Officer Mervin A. Lucas*

"Q. And yet you saw no hands move, did you see anybody move their hands? A. No, I didn't.

"Q. Did you see anyone reach for their pockets? A. No. I can't say I did.

"Q. And all you know is that you heard something drop? A. That is right, sir. * * * I don't know who dropped the bottle. I can say that.

  *   *   *   *   *

"Q. Then you heard something drop, is that correct? A. That is right, sir.

"Q. Then you found this bottle *behind the door*, correct? [Emphasis added.] A. Yes.

"Q. And yet both defendants were in your presence and yet, Officer, you say that you did not see this defendant * * * or that defendant * * * move his hands? A. I can truthfully say that, sir. * * *

[*Direct Examination of Officer Harold H. Burwell*]

"A. As I opened the door, something fell on the floor.

"Q. Do you know where it fell? A. It fell behind Upshaw. * * *

[*Cross-examination of Officer Harold H. Burwell*]

"Q. As you pushed the door how far did you push it in? A. I pushed it far enough inside so that Collis was clear of the door *and it left Upshaw behind the door.* [Emphasis added.]

  *   *   *   *   *

"Q. * * * Then Collis was fully exposed to you, is that correct? A. That is right.

"Q. So that you were watching him, you could see him? A. I could see all of him.

"Q. Could you see all of Upshaw when he was behind the door? A. No, I could see part of him."

2d 229, certiorari denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850. Thus giving the prosecution the benefit of every reasonable inference from its affirmative evidence we think reasonable minds must yet speculate to find the vital element of possession.

Assuming that one about to purchase or intending to purchase aids and abets a seller in "facilitating a sale" the evidence in this case does not sufficiently show that appellant was engaged in a purchase or intending to do so to warrant submitting this issue to the jury. A jury could reach a conclusion only by guessing or speculating.

The District Court should have granted appellant's motion for a judgment of acquittal and we remand with directions to enter such judgment.

Reversed and remanded.

WILBUR K. MILLER, Circuit Judge, concurs in the result.