# 350

UNITED STATES of America

v.

Bessie BYRD.

Cr. No. 527-55.

United States District Court
District of Columbia,
Civil Division.
Aug. 18, 1958.

Bessie Byrd, pro se.

Oscar Altshuler, Washington, D. C., for respondent.

YOUNGDAHL, District Judge.

The petitioner and two others were indicted June 1, 1955 for violations of the federal narcotics laws and were found guilty by a jury on June 23, 1955. On appeal, the Court of Appeals affirmed all three convictions.

Only one of the defendants, Miller, appealed to the United States Supreme Court. That Court reversed his conviction, holding that the method by which the police gained entry to Miller's residence to make the arrest was illegal. Having held the arrest illegal, the Court suppressed the narcotics discovered incident to that arrest. Miller v. United States, 1958, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332.

Petitioner was the codefendant in the case and her motion here attempts to take advantage of the holding of the United States Supreme Court. Her motion is labelled a "Renewal of the Motion to Suppress". This Court has interpreted it as an artlessly drawn petition to vacate under 28 U.S.C. § 2255.

The Court is of the opinion that under the applicable law this remedy is not available to petitioner. The Supreme Court in Sunal v. Large, 1947, 332 U.S. 174, 182, 67 S.Ct. 1588, 1592, 91 L.Ed. 1982, said:

"It is not uncommon after a trial is ended and the time for appeal has passed to discover that a shift in the law or the impact of a new decision has given increased relevance to a point made at the trial but not pursued on appeal. * * * If in such circumstances, *habeas corpus* could be used to correct the error, the writ would become a delayed motion for a new trial, renewed from time to time as the legal climate changed. Error which was not deemed sufficiently adequate to warrant an appeal would acquire new implications. Every error is potentially reversible error; and many rulings of the trial court spell the difference between conviction and acquittal. If defendants who accept the judgment of conviction and do not appeal can later renew their attack on the judgment by *habeas corpus*, litigation in these criminal cases will be interminable. Wise

judicial administration of the federal courts counsels against such course, at least where the error does not trench on any constitutional rights of defendants nor involve the jurisdiction of the trial court."

It is not clear to the Court the breadth to be accorded this rule. The last sentence quoted above allows some restriction, perhaps where the failure to appeal is because of lack of mental or financial resources. Perhaps, as here, it was intended to permit the availability of habeas corpus where a codefendant is involved.

This Court is of the opinion that where the cases were consolidated for trial, the receipt of significant illegal evidence against both defendants should not result in a prison term for one because of the inability or failure to appeal, if in that *same* case there is a determination of the illegality of conviction for the codefendant. Habeas corpus was not meant to be squeezed beside the writ of error; but rather to remain broad enough to remedy manifest injustice.

However, if such is to be the rule, it cannot be established by this Court. The Court of Appeals for the District of Columbia has indicated to the contrary and this Court must follow their decision. Upshaw v. United States, 1958, 102 U.S. App.D.C. 299, 252 F.2d 863; Collis v. United States, 1957, 101 U.S.App.D.C. 160, 247 F.2d 566.[1]

The motion, files and records of the case conclusively show the petitioner is entitled to no relief. The motion is denied.

---

[1] It should be noted that the Upshaw and Collis cases did not present the same situation as involved in this petition. Here the illegal evidence was the crux of the case not only against Miller but also as against this petitioner. This Court cannot say as the Court of Appeals did in Upshaw: "Appellant Upshaw now contends that the same evidence we held insufficient to go to the jury with respect to Collis is the only evidence against appellant and that his conviction must therefore, of necessity, be reversed. Apart from the fact that such an issue, namely the sufficiency of the evidence, is not properly raised by an application under Section 2255, we would hold that on this record the evidence with respect to this appellant, *unlike the evidence against Collis*, is sufficient to sustain the conviction, were we to reach that point." (Emphasis supplied.)